CLAY BROS. v. RICKETTS.

1. **Sale:** OFFER BY AMBIGUOUS TELEGRAM: ACCEPTANCE THROUGH MISUNDERSTANDING: NO SALE. An offer for the purchase of land was made by a telegram which was ambiguous, and not in itself intelligible, and it was accepted through a misunderstanding of what the proponent meant by it. *Held* that there was no contract, and that a specific performance could not be enforced.

2. ———: QUALIFIED ACCEPTANCE OF OFFER: NO CONTRACT. An offer is not accepted where the reply contains a qualification.

*Appeal from Plymouth District Court.*

SATURDAY, JUNE 6.

THE plaintiffs claim to have purchased of the defendant, Caroline E. Ricketts, 120 acres of land in Plymouth county, and they bring this, their action in equity, to enforce specific performance of the alleged contract. The defendant denies the contract. The court dismissed the plaintiff's petition, and they appeal.

*Struble, Rishel & Sartori,* for appellants.

*Curtis, Durley & Hart,* for appellee.

ADAMS, J.—The plaintiffs and one Richard M. Ricketts, son of the defendant, reside in Plymouth county, Iowa. The defendant resides in Philadelphia, Pennsylvania. On June 24, 1882, the plaintiffs applied to the defendant's son Richard to purchase from the defendant through him the land in question. He was the defendant's agent for the purpose of taking charge of the land, but had no power to sell it, and did not claim to have. He agreed, so far as he could, however, upon terms of sale to the plaintiffs, and reduced the same to writing in the form of a receipt, which, after acknowledging the receipt of $50, and showing the terms of sale, concluded with the words, "Subject to approval of owner," and was signed, "CAROLINE E. RICKETTS. By Richard M. Ricketts, her agent." Richard, after giving this receipt, telegraphed the defendant in these words: "Have sold the Rastel place for twenty-five. Answer." To this the defendant answered, "Sell land, reserving crops." She testified that she understood the telegram to mean that Richard had sold the land for $25 per acre. What the plaintiffs offered to pay was $2,500 for the whole tract of 120 acres, which was $500 less than the defendant understood the offer to be.

It is clear that the defendant's telegram was not an acceptance of the plaintiffs' offer, nor a ratification of Richard's act. The telegram was misunderstood, and the defendant was not in fault in misunderstanding it, for it was unintel-

ligible. Besides, the defendant's answer contained a qualification in respect to the reservation of the crops. The trade, as proposed by the plaintiff, did not provide for such reservation. An offer is not accepted where the reply contains a qualification. The plaintiffs, however, rely upon what afterwards transpired. They introduced evidence tending to show that the defendant, several weeks after her telegram was sent, went to Plymouth county, and had an interview with them in relation to the land, and admitted that she at one time approved the sale as negotiated by Richard. But we are well satisfied, from the evidence taken as a whole, that what she said in respect to an approval of a sale had reference merely to her telegram. She doubtless understood at one time that she approved the sale, with the reservation added as to the crops. But, as we have seen, she did not at that time understand what the sale was. We do not think that the evidence shows that the defendant approved the sale which was negotiated, and which the plaintiffs are trying to enforce.

AFFIRMED.